IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MATUSALA KASSA, :
:
Petitioner, : No. 4:08-CV-305
:
v. : Judge Jones
:
ATTORNEY GENERAL, :
:
Respondent. :

## MEMORANDUM

March 18, 2008

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

On or about February 19, 2008, Petitioner Matusala Kassa ("Petitioner" or "Kassa") filed, pursuant to 28 U.S.C. § 2241, an "Emergency Petition for Writ of Habeas Corpus" ("the Petition"). (See Rec. Doc. 1 at 1 (emphasis omitted)). In the Petition, Kassa indicates that he is an alien who previously legally entered the United States, but who is now in the custody of the Department of Homeland Security, housed at the York County Prison in York, Pennsylvania. He asserts that an Order of Removal issued on November 19, 2007, and that the same renders the "final date for the legal detention of the petitioner under Title 8, U.S.C. 1231(a)(1)(A), February 19 2008." Id. at ¶ 3. Petitioner also alleges that because

1

his country of origin, Ethiopia, has not issued the requisite travel documents, "Petitioner has met his burden of showing there is no significant likelihood of removal within the reasonably foreseeable future." Id. at ¶ 27.

Thus, the Petition seeks Petitioner's release from custody forthwith. Id. at 3. Notably, Petitioner does not challenge the legality of his deportation, but rather his continued detention pending removal. He asks that this Court grant him release based on the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001).

Following our review of the Petition, on March 4, 2008, this Court issued an Order to Show Cause directing Plaintiff to, inter alia, "file any submission and/or documentation that he wishes in order to establish that he has submitted a Request for Relief to ICE pursuant to 8 C.F.R. § 241.13 and that the same has been denied." (Rec. Doc. 3 at 7). To date, no such response has been filed.

Respondent's March 12, 2008 submission suggests an explanation for Petitioner's lack of response: on March 7, 2008, Petitioner was removed from the United States. (See Rec. Doc. 3, Exh. 1).

**DISCUSSION:**

"Article III of the Constitution grants the federal courts the power to adjudicate only actual, ongoing cases or controversies." Khodara Envtl., Inc. ex

rel. Eagle Envtl., L.P. v. Beckman, 237 F.3d 186, 192-93 (3d Cir. 2001). Thus, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

As the instant Petition seeks Petitioner's release from indefinite detention pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001), and as we have been advised that Petitioner has, in fact, been removed from the United States, the Petition is moot. See, e.g., Qutieshat v. Hogan, 2006 U.S. Dist. LEXIS 91954 (M.D. Pa. 2006). Accordingly, we will enter an appropriate Order closing this case on today's date.

3